UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
CANTON, OHIO

| | |
|---|---|
| IN RE:<br>    MILLER, LINDA L.<br>        Debtor(s) | CASE NO. 19-61256<br><br>CHAPTER 7 |
| Lisa M. BARBACCI, Trustee,<br>        Plaintiff(s),<br>            vs.<br>    MILLER, LINDA L.<br>        Defendant(s). | ADV. PROC. NO. 19-06048<br><br>JUDGE RUSS KENDIG |

**TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

Lisa M. Barbacci, Chapter 7 Trustee ("Trustee"), moves this Court pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, made applicable hereto by Rule 7056 of the Federal Rules of Bankruptcy Procedure, for summary judgment against Debtor(s)/Defendant(s) Linda L. Miller ("Debtor"). The Trustee asserts that there are no genuine issues as to any material fact and that the Trustee is entitled to judgment upon her complaint and claim for objection to discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and 11 U.S.C. § 727(a)(4)(A). The Trustee submits the following Memorandum in Support of this Motion for Summary Judgment.

Respectfully submitted,

/s/ Lisa M. Barbacci
Lisa M. Barbacci (0039392)
P.O. Box 1299
Medina, Ohio 44258-1299
Telephone: 330-722-4488
Email: barbaccitrustee@gmail.com

CHAPTER 7 TRUSTEE

## MEMORANDUM IN SUPPORT

### I. STATEMENT OF FACTS

The facts in this case demonstrate that:

1) The Debtor, just seventeen (17) days prior to filing for chapter 7 bankruptcy relief, intentionally purchased from Best Buy on her Huntington National Bank credit card $3,833.03 in goods and services consisting of 1) a Hewlett Packard Desktop computer for $1,389.99, 2) Apple IPad Pro for $1,549.99, and 3) various additional items related to service, storage and tech support for a total purchase of $3,833.03 (the "Computers"). See Joint Stipulations of Fact No. 5 and Exhibit A (Docket No. 10).

2) The Debtor failed to disclose her ownership of the Computers on Schedule A/B or when she testified at the Meeting of Creditors. See Stipulations of Fact No. 3 (Docket No. 10). Specifically, on Schedule A/B Debtor answered **"No"** to the question "Do you own or have any legal or equitable interest in any of the following items? 7. **Electronics Examples:** Television and radios; audio, video, stereo, and **digital equipment; computers, printers, scanners;** music collections; **electronic devices including cell phones, cameras, media players, games?**" (emphasis supplied) See, Stipulations of Fact No.3 (Docket No. 10).

3) On the original Schedule A/B Household Goods total value was listed as $4,000. See, Schedule A/B. Docket No. 1 – Main Case. No. 19-61256.

4) On the original Schedule E/F Debtor disclosed "No" Schedule E debt and just three Schedule F creditors consisting of 1) Huntington National Bank credit card debt of $1,951.00; 2) JPMCB Card Services Flexible Credit Card of $67.00; and 3) SYNCB/Wal-Mart of $1,877.00 Revolving Account.

5) Debtor failed to disclose at the Meeting of Creditors that she owned the Computers when questioned by the Trustee.

6) Debtor's use of the specific Huntington National Bank credit card resulted in total charges of $4,028.54 in the period ending June 6, 2019, with a total balance owed

including the new charges, interest, fees, and past charges being $6,038.90. See, Stipulations of Fact No. 9, (Docket No. 10).

7) On September 25, 2019, Debtor signed an agreed order of judgment declaring that the debt owed to Huntington National Bank to purchase the Computers was not dischargeable. See Stipulations of Fact No. 11. (Docket No. 10).

The facts required to prove the Trustee's claims have been established by the record in this case. As a consequence, there is no genuine issue of material fact and the Trustee is entitled to judgment as a matter of law.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. There is no issue of material fact "[w]here the record taken as a whole could not lead [the] trier of fact to find for the non-moving party." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* (1986) 475 U.S. 574, 587. A fact is "material" if it would affect the outcome of the case, and the dispute is "genuine" if the evidence is such that a reasonable juror could return a verdict for the non-moving party. *Henson v. National Aeronautics & Space Administration*, 14 F.3d 1143, 1148 (6th Cir. 1994).

The moving party bears the initial burden of establishing that no genuine issues of material fact exist. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). Nevertheless, the non-moving party must present probative evidence in support of its claim (in addition to its pleadings). *Id.* Thus, the non-moving party has the ultimate burden to show the existence of a genuine issue of material fact. *Id.*; *see also, Matsushita*, 475 U.S. at 586.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a <u>genuine issue for trial</u>." F. R. Civ. Proc. 56(e) (emphasis added). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine

19-06048-rk    Doc 13    FILED 03/20/20    ENTERED 03/20/20 22:23:08    Page 3 of 7

issue for trial". *Id*. at 586-87 (citations and footnotes omitted).

Further, a party may not avoid summary judgment by raising issues of fact that are not material or are irrelevant to the legal issues before the court. *Anderson v. Liberty Lobby, Inc.*, (1986) 477 U.S. 242, 248. Additionally, the mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to preclude summary judgment, as there must be evidence from which the jury could reasonably find for the non-moving party. *Id.* at 252. Further, the non-moving party must go beyond the pleadings and other evidence and designate "specific facts showing there is a genuine issue of fact." *Celotex Corp. v. Catrett*, (1986) 477 U.S. 317, 324.

### III. ARGUMENT

**A.   The Trustee is entitled to summary judgment because the Debtor failed to disclose ownership of the Computers in Schedule A/B or at the Meeting of Creditors.   11 U.S. C. § 727 (a)(2)(A)**

Section 727(a)(2) provides that, the court shall grant the debtor a discharge, unless -

> "(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-
>
>> (A) property of the debtor, within one year before the date of the filing of the petition;"

The record here satisfies the test.

The Trustee is entitled to judgment as a matter of law upon her claim pursuant to 11 U.S.C. § 727(a)(2)(A) because the Debtor failed to disclose and indeed concealed ownership of the Computers on Schedule A/B when she filed this case. Debtor argues that the Computers were correctly included in the Household Goods category on filing for a total value of Household Goods of $4,000, and later amended Schedule A/B to "clarify" that the Computers were part of Household Goods.

Trustee believes Debtor's argument lacks merit, and a reading of the Instructions for

Selected Forms, Official Form 106A/B ("Instructions') are helpful here.

The Instructions provide:

> "The information in this form is grouped by category and includes several examples for many items. Note that these examples are meant to give you an idea of what to include in the categories. They are not intended to be complete lists of everything within the category. Make sure you list everything you own or have an interest in."

Instructions for Selected Forms, Official Form 106A/B at page 16.

Page 17 of the Instructions further clarifies:

> "List items once on this form
> List items only once on this form […]
> Be specific when you describe each item. If you have one item that you think could fit into more than one category, *select the most suitable category and list the item there.*
> *Separately describe and list individual items worth more than $500.*"

Instructions for Selected Forms, Official Form 106A/B at page 17, emphasis supplied.

Debtor's argument that the Computers are properly disclosed in the Household Goods category rather than the more specific category for "Electronics" is clearly wrong. The Instructions expressly require that items be disclosed in the most specific category describing the item. Here that would be the Electronics category. If Debtor's argument is accepted it would allow debtors to make eve of bankruptcy purchases for expensive items including electronics, lump them in with Household Goods without further disclosure and hope no creditors or trustees discover them. Further, if the items were discovered Debtor could argue that the property value had depreciated and therefore, no reason to disclose. This position is contrary to the debtors' obligation to fully disclose all property required by the bankruptcy code. See, 11 U.S. C. § 521, Debtor's Duties. Moreover, Debtor's position would render useless the property categories on Schedule A/B. See also, *McDermott v. Recupero,* 2014 Bankr. LEXIS 2115, at 42-43 (Bankr. ND OH 2014) where this court rejected a similar argument.

### B. The Trustee is entitled to summary judgment because the Debtor made a false oath regarding ownership of the Computers. 11 U.S. C. § 727 (a)(4)(A)

To prove a case under § 727(a)(4)(A), the Trustee must show that the debtor knowingly or fraudulently, in or with connection with the case, made a false oath. 11 U.S. C. § 727 (a)(4)(A).

The Trustee submits that the record shows that Debtor knowingly made a false oath when she signed the petition on June 12, 2019, declaring no ownership of electronics of any kind and failing to disclose same at the Meeting of Creditors. See Stipulations of Fact Nos. 2, 5 and 6. And finally, Debtor argues that the Computers value had decreased so much in the 17 days after purchase that it was not necessary to disclose them. Again, the Debtor is off the mark here. The issue here is not the valuation of the Computers, but rather that they were intentionally not disclosed. A loss in value does not end the Debtor's duty to disclose assets. Further, "[i]t is of fundamental importance to the administration of the bankruptcy system that a debtor present himself or herself accurately and truthfully before their creditors and the Court" and well established law provides that amended schedules do not relieve a debtor of having made a false oath. *In re Klein*, 114 BR 778, 779 -780 (Bankr. MD FL 1990).

Because the Debtor's actions in this case clearly show an intent to benefit herself with the purchase of the Computers and to conceal that purchase from the Trustee and creditors, there is no genuine issue of material fact, and the Trustee is entitled to judgment as a matter of law on her complaint objecting to discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

## IV. CONCLUSION

Based upon the record and the undisputed facts in this case, as properly supported by the record, and the Joint Stipulation of Facts, the Trustee respectfully requests that the Court grant summary judgment in favor of the Trustee and against Debtor and enter an order (1) denying the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and 11 U.S.C. § 727(a)(4)(A); and (2) granting judgment in favor of the Trustee and against Debtor for the costs of this action.

Respectfully submitted,

/s/ Lisa M. Barbacci
Lisa M. Barbacci (0039392)
P.O. Box 1299
Medina, Ohio 44258-1299
Telephone: 330-722-4488
Email: barbaccitrustee@gmail.com
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was transmitted electronically

on or about March 20, 2020 via the Court's CM/ECF system to the following

who are listed on the Court's Electronic Mail Notice List:

- **Lisa M. Barbacci, Trustee - Canton**   barbaccitrustee@gmail.com, lbarbacci@ecf.axosfs.com
- **James F. Hausen**   jimh436@gmail.com, batesfirmecf@gmail.com;r40574@notify.bestcase.com
- **United States Trustee**   (Registered address)@usdoj.gov

And by regular U.S. Mail or by e-mail, as requested, on March 20, 2020 to the following parties:

N/A

/s/ Lisa M. Barbacci
Lisa M. Barbacci
