**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 01:47 PM May 19, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LINDA L. MILLER, | ) | CASE NO. 19-61256 |
| | ) | |
| Debtor. | ) | ADV. NO. 19-06048 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| LISA M. BARBACCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA L. MILLER, | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| Defendant. | ) | |

## I. INTRODUCTION

The bankruptcy discharge was designed to benefit the honest but unfortunate debtor. See Grogan v. Garner, 498 U.S. 279, 286–87 (1991). In this case, Plaintiff-Trustee alleges that Defendant-Debtor was less than forthright about electronics she purchased 17 days before she filed her bankruptcy petition. Plaintiff argues that this warrants a denial of Defendant's

discharge under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A).[1] Both parties have moved for summary judgment.

## II. JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334 and the general order of reference entered in this district. This matter is a core proceeding and the court has authority to enter final orders. 28 U.S.C. § 157(b)(2)(J). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## III. BACKGROUND[2]

Defendant commenced the subject bankruptcy case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 12, 2019. In re Linda L Miller, No. 19-61256 (Bankr. N.D. Ohio June 12, 2019). Seventeen days prior to filing for bankruptcy, Defendant went to Best Buy and purchased $3,833.03 in goods and services on a Huntington Bank ("Huntington") credit card.

On Schedule A/B, Defendant listed $4,000 worth of household goods and furnishings. However, in response to the question "Do you own or have any legal or equitable interest in any of the following items? 7. Electronics Examples: Television and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games?" Defendant responded "No." On Schedule C, Defendant claimed the household goods and furnishings as fully exempt pursuant to Ohio Revised Code § 2329.66(A)(4)(a). On Schedule E/F, Huntington was listed as an unsecured creditor with a $1,951 claim. Defendant's total scheduled unsecured debt, including all three creditors, was $3,885. In her petition, Defendant declared under penalty of perjury that she read the summary and schedules and that they were true and accurate.

Defendant appeared at the meeting of creditors on August 6, 2019 (the "341 Meeting") and was questioned by Plaintiff. At the 341 Meeting and in response to Plaintiff's question: "Did you have any one item in your home worth a thousand dollars or more? Jewelry, collectibles, antiques, coins?" Defendant replied: "No." At the 341 Meeting, after the initial interview by Plaintiff, Defendant was questioned by counsel for Huntington. In response to the questions, Defendant admitted that she purchased a computer and an iPad at Best Buy on May 26, 2019, for $3,833.03.

---

[1] Hereinafter, any reference to a section ("§" or "section") refers to a section in Title 11 of the United States Code (the "Bankruptcy Code"), and any reference to a "Rule" refers to a Federal Rule of Bankruptcy Procedure.

[2] The following is derived from materials in the record and the stipulations filed by the parties on March 13, 2020.

Upon request of Plaintiff, Defendant supplied a Best Buy receipt dated May 26, 2019, in the gross amount of $3,833.03.[3] The receipt discloses that Defendant purchased an iPad Pro for $1,549.99 plus tax. The receipt also includes a purchase of an HP Envy Desktop priced at $1,389.99 plus tax. She also purchased various related service policies and accessories which brought the total for the transaction to $3,833.03 (collectively, the "Computers").

Defendant's use of the specific Huntington credit card resulted in total charges of $4,028.54 in the period ending June 6, 2019, with a total balance owed including the new charges, interest, fees, and past charges being $6,038.90.

On September 25, 2019, Huntington filed a complaint against Defendant regarding the credit card purchase of the Computers, alleging that Defendant purchased the Computers with no intention to actually pay for them and that the balance on the account was obtained through fraud and false pretenses. Huntington Nat'l Bank v. Miller (In re Miller), No. 19-06046 (Bankr. N.D. Ohio Sept. 25, 2019). On September 27, Defendant and Huntington signed an agreed order in Adv. Proc. No. 19-06046, which declares the debt to Huntington for the Computers purchase nondischargeable.

Plaintiff filed this adversary proceeding against Defendant on October 7, 2019, seeking to deny Defendant's discharge pursuant to §§ 727(a)(2)(A) and 727(a)(4)(A). On November 1, Defendant amended her Schedules A/B and C, clarifying that her household goods and furnishings included the Computers. Defendant also filed an unopposed motion to abandon the Computers, which the court granted on January 2, 2020. Defendant and Plaintiff filed their motions for summary judgment in this case on March 13 and March 20 respectively.

### IV. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party meets its initial burden, the burden shifts to the non-moving party to establish the existence of a fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). A fact is "material" only if its resolution will affect the outcome of the proceeding. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. Matsushita, 475 U.S. at 587.

In this adversary proceeding, both Plaintiff and Defendant filed motions for summary judgment. However, "the standards upon which the court evaluates the motions for summary judgment do not change simply because the parties present cross-motions." Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991) (citation omitted). Moreover, "the fact that both parties move for summary judgment does not require the court to find that no issue of fact exists." Id. (citation omitted).

---

[3] A copy of the receipt is attached to the stipulations and is marked as "Exhibit A." (ECF No. 10.)

## V. LAW & ANALYSIS

The discharge provided by § 727 "is at the heart of the Bankruptcy Code's fresh start provisions." Rafoth v. Chimento (In re Chimento), 43 B.R. 401, 403 (Bankr. N.D. Ohio 1984) (citation omitted). "It embodies the principle that the bankruptcy laws afford to the honest debtor a fresh start in life free from the onus of oppressive debt." Id. To effectuate this principle, a chapter 7 debtor will ordinarily receive a discharge unless a specific exception in § 727(a) applies. "The main thrust of the objections to discharge provided by § 727(a) is to furnish a vehicle under which abusive debtor conduct can be dealt with by denial of discharge." Harman v. Brown (In re Brown), 56 B.R. 63, 66 (Bankr. D. N.H. 1985) (citation omitted); see also Gandy v. Schuchardt (In re Gandy), 645 F. App'x 348, 352 (6th Cir. 2016) (explaining that the bankruptcy discharge is a privilege, not a right).

But denial of a debtor's discharge is a "drastic measure." Buckeye Retirement Co., LLC., Ltd. v. Hake (In re Hake), 387 B.R. 490, 501 (Bankr. N.D. Ohio 2008); Rosen v. Bezner, 996 F.2d 1527, 1531 (3d Cir. 1993) (denying a debtor's discharge is "an extreme step and should not be taken lightly."). Consequently, the exceptions to discharge in §§ 727(a)(2)(A) and 727(a)(4)(A) should be construed liberally in favor of the debtor. Keeney v. Smith (In re Keeney), 227 F.3d 679, 683 (6th Cir. 2000); Buckeye Ret. Co., LLC v. Swegan (In re Swegan), 383 B.R. 646, 655 (B.A.P. 6th Cir. 2008).

**A. Plaintiff is Entitled to Summary Judgment Under Section 727(a)(2)(A)**

First, Plaintiff seeks to deny Defendant's discharge under § 727(a)(2)(A). That section provides that the court shall deny a debtor a discharge if: "(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed, or has permitted to be . . . concealed—(A) property of the debtor, within one year before the date of the filing of the petition . . . ." § 727(a)(2)(A). Section 727(a)(2)(A) "encompasses two elements: 1) a disposition of property, such as concealment, and 2) 'a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.'" Keeney, 227 F.3d at 683 (quoting Hughes v. Lawson (In re Lawson), 122 F.3d 1237, 1240 (9th Cir. 1997)).

*1. Concealment*

Plaintiff argues that Defendant's failure to disclose the Computers in the section of Schedule A/B reserved specifically for electronics was a concealment for purposes of § 727(a)(2)(A). A "concealment as used in § 727(a)(2)(A) includes the withholding of knowledge of an asset by the failure or refusal to divulge information required by law to be made known." Swegan, 383 B.R. at 653 (citing United States v. Nordic Village, Inc., 503 U.S. 30, 36 (1992)). "Under this standard, concealment occurs when a debtor fails to adequately and truthfully answer a question at a state-court debtor's examination, at a 341 meeting of creditors, within a bankruptcy petition, or in other similar situations." McDermott v. Recupero (In re Recupero), No. 13-6089, 2014 Bankr. LEXIS 2115, at *21 (Bankr. N.D. Ohio May 12, 2014) (citing Swegan, 383 B.R. at 655).

4

Defendant argues that the Computers constitute household goods, and that she included the value of the Computers under the category of "household goods and furnishings" in Schedule A/B so she could properly claim them as exempt under the household goods exemption. But this argument simply lacks merit. Schedule A/B asks debtors whether they have legal or equitable interests in specific categories of property. "Household goods and furnishings" and "Electronics" are separate categories. Specific examples of electronics include: "Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games." The official instructions to Schedule A/B provide in relevant part: "Be specific when you describe each item. If you have an item that you think could fit into more than one category, *select the most suitable category and list the item there*."[4] There is no good reason why Defendant could not have disclosed the Computers in the section of Schedule A/B reserved specifically for electronics and then claimed them as exempt pursuant to Ohio's household goods exemption.

Debtors are required to be honest and accurate in their dealings with the court, the trustee, and creditors. E.g., Buckstop Lure Co. v. Trost (In re Trost), 164 B.R. 740, 749 (Bankr. W.D. Mich. 1994) ("A debtor is required to be fair and honest with the Court and make full and accurate disclosure in all of the documents filed with the Court."); see also Keeney, 227 F.3d at 685 ("Complete financial disclosure is a prerequisite to the privilege of discharge." (quotation marks and citation omitted)). Defendant's statement in her Schedule A/B, that she did not own any electronics, was an inadequate and untruthful answer.

2. *Intent to Hinder, Delay, or Defraud*

Plaintiff argues that Defendant failed to disclose the Computers in order to benefit herself and conceal them from Plaintiff and creditors. Plaintiff does not specify whether she believes Defendant was acting with the intent to hinder, delay, or defraud. With respect to two of the forms of intent under § 727(a)(2)(A), the intent to hinder and the intent to delay:

> The Bankruptcy Code . . . does not define an intent to hinder or an intent to delay. According to the Oxford English Dictionary, the term hinder means to keep back, delay; impede; obstruct; prevent. It defines delay as put off to a later time; postpone, defer. In keeping with this plain meaning, courts have held that a debtor acts with an intent to hinder if he or she acts with an intent to impede or obstruct creditors and an intent to delay if he or she acts with an intent to slow or postpone creditors. Others have stated more generally that to act with intent to hinder or delay is to act improperly to make it more difficult for a creditor to collect a debt.

Wise v. Wise (In re Wise), 590 B.R. 401, 435 (Bankr. E.D. Mich. 2018) (citation, alterations, and quotation marks omitted). Regarding the intent to defraud, the Sixth Circuit has explained:

---

[4] Instructions: Bankruptcy Forms for Individuals, p. 17 (2016), www.uscourts.gov/sites/default/files/instructions-individuals-2015.pdf (emphasis added).

> [I]ntent to defraud involves a material representation that you
> know to be false, or, what amounts to the same thing, an omission
> that you know will create an erroneous impression. A reckless
> disregard as to whether a representation is true will also satisfy the
> intent requirement. Courts may deduce fraudulent intent from all
> the facts and circumstances of a case. However, a debtor is
> entitled to discharge if false information is the result of mistake or
> inadvertence.

Keeney, 227 F.3d at 685-86 (quotation marks and citations omitted).

Proving an individual's intent with direct evidence is difficult, but intent may be inferred through circumstantial evidence. Swegan, 383 B.R. at 655 (citing Keeney, 227 F.3d at 685). "Courts must be cautious in determining issues that involve a person's state of mind when deciding a case at the summary judgment stage." Swegan, 383 B.R. at 655 (citation omitted). "Cases involving state of mind issues are not always inappropriate for summary judgment." Swegan, 383 B.R. at 655 (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "However, 'summary judgment is particularly inappropriate' when an individual's intent is at issue." Swegan, 383 B.R. at 655 (quoting Hoover v. Radabaugh, 307 F.3d 460, 467 (6th Cir. 2002)). "Even where intent is at issue, 'summary judgment is appropriate if all reasonable inferences defeat the claims of one side . . . .'" Swegan, 383 B.R. at 655 (quoting Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch), 237 B.R. 160, 165 (B.A.P. 9th Cir. 1999)).

In her motion, Defendant states that she relied on the advice of counsel in preparing her schedules. If this is true, it may be a valid defense if her reliance on counsel was reasonable and in good faith. Swegan at 656 (citing First Beverly Bank v. Adeeb (In re Adeeb), 787 F.2d 1339, 1343 (9th Cir. 1986)). But Defendant has not provided any evidence of this assertion, such as an affidavit from her, and the court cannot consider statements of fact in a motion as evidence on summary judgment. See Fed. R. Civ. P. 56(c). Thus, the court will disregard this argument.

Next, Defendant contends that the Computers are exempt. Defendant does not elaborate, but her argument could, in theory, give credence to the notion that she did not intend to harm creditors. See, e.g., Barbacci v. Worrell (In re Worrell), No. 12-6128, 2013 Bankr. LEXIS 3628, at *12 (Bankr. N.D. Ohio Aug. 26, 2013) (denying trustee's motion for summary judgment and questioning whether the debtors could have intended to hinder, delay, or defraud creditors who had no claim to exempt funds); see also Recupero, 2014 Bankr. LEXIS 2115, at *42, 43 ("While In re Keeney determined that when the intent to harm a creditor is present actual harm is not required, it does not foreclose the argument that a debtor lacked the subjective intent to harm a creditor because the property at issue was exempt.").

However, Defendant's initial schedules (1) failed to specifically disclose the Computers, (2) falsely stated that Defendant did not own any electronics, and (3) understated the amount owed to Huntington. Defendant only disclosed the Computers when she was asked directly by counsel for Huntington at the 341 Meeting. Furthermore, Defendant only amended her schedules and filed the motion to abandon *after* her initial falsehood was discovered and Plaintiff filed this adversary proceeding. See, e.g., Ansvar America Ins. Co. v. Klein (In re Klein), 114

B.R. 778, 779-80 (Bankr. M.D. Fla. 1990) (denying discharge and explaining that filing amended schedules after initial falsehood is discovered will not relieve a debtor who knowingly and fraudulently made a false oath). There is no evidence that Defendant mistakenly or inadvertently failed to disclose the Computers in her schedules. Therefore, based on the totality of the circumstances, the court finds that Defendant subjectively intended to hinder, delay, or defraud, warranting a denial of her discharge under § 727(a)(2)(A).

### B. Plaintiff is Also Entitled to Summary Judgment Under Section 727(a)(4)(A)

Section 727(a)(4)(A) provides that the court shall grant a debtor a discharge unless the debtor "knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account . . . ." § 727(a)(4)(A). To deny Defendant's discharge under this section, Plaintiff must prove that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." Keeney, 227 F.3d at 685 (citing Beaubouef v. Beaubouef (In re Beaubouef), 966 F.2d 174, 178 (5th Cir. 1992)).

Statements made in a debtor's bankruptcy schedules, statement of financial affairs, at the 341 meeting and at Rule 2004 exams are made under oath. Church Joint Venture LP v. Blasingame (In re Blasingame), 559 B.R. 692, 697 (B.A.P. 6th Cir. 2016) (citing Montedonico v. Beckham (In re Beckham), No. 08-8054, 2009 Bankr. LEXIS 1345, at *9 (B.A.P. 6th Cir. June 19, 2009)). "[T]he subject of a false oath is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." Keeney, 227 F.3d at 685-86 (quotation marks and citations omitted).

*1. Defendant's Bankruptcy Petition*

First, Plaintiff argues that Defendant made a false oath by signing her bankruptcy petition declaring no ownership of electronics of any kind. There is no dispute that this statement was false, made under oath, and related materially to Defendant's bankruptcy case. And for the reasons previously stated regarding Plaintiff's § 727(a)(2)(A) claim, the court finds that Defendant's statement was made "knowingly and fraudulently." Thus, denial of Defendant's discharge pursuant to § 727(a)(4)(A) is appropriate.

*2. The 341 Meeting*

Plaintiff also argues that Defendant's failure to disclose the Computers to her at the 341 Meeting was a false oath. Defendant's statement at the 341 Meeting, that she did not own any electronics individually worth over $1,000, was clearly made under oath and related materially to Defendant's bankruptcy case. However, Defendant claims that she answered Plaintiff's question truthfully because, due to depreciation, none of the Computers had a value in excess of $1,000. To support her argument, Defendant filed an affidavit from Jermaine Bryan, an employee from Experimax, stating that he would offer $500 for the HP desktop and $600-$700 for the iPad Pro. (Bryan Aff. ¶¶ 6, 8, ECF 9-1.)

The problem with Defendant's argument is that valuation of the Computers is not really the issue. If the court accepted Defendant's argument, it would permit a debtor to buy expensive items right before filing for bankruptcy, categorize them as household goods, and fail to specifically disclose them to the trustee. And if the items were subsequently discovered, the debtor could then argue that there was no reason to disclose because the value had depreciated. Defendant's position is not only disingenuous, but also runs counter to a debtor's duty to adequately and truthfully disclose property under the Bankruptcy Code. Moreover, Defendant's statement at the 341 Meeting may have technically been true; however, considering the fact that Defendant purchased the Computers for $3,833.03 only 17 days before filing her petition, it strains credulity to believe that Defendant did not know her statement would create an erroneous impression in Plaintiff's mind. See Keeney, 227 F.3d at 685-86. Therefore, the court finds that Defendant's statement at the 341 Meeting was made knowingly and fraudulently.

## VI. CONCLUSION

Because of both the importance of the bankruptcy discharge and the difficulty in determining intent without an evidentiary hearing, the court is reluctant to deny Defendant's discharge on summary judgment. However, based on all the facts and circumstances, the court finds that there is no genuine dispute that Defendant was intentionally dishonest with respect to the Computers, such that denial of her discharge is warranted under §§ 727(a)(2)(A) and 727(a)(4)(A).

The court will enter a separate order in accordance with this opinion.

**Service List**:

Lisa M. Barbacci, Trustee - Canton
PO Box 1299
Medina, OH 44258-1299

James F. Hausen
Bates and Hausen, LLC
215 E. Waterloo Road Suite 17
Akron, OH 44319

8

19-06048-rk    Doc 16    FILED 05/19/20    ENTERED 05/19/20 14:18:34    Page 8 of 8